UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB ANDREW BERGERON,

                Petitioner,

   v.

SHORELINE COURT, et al.,

                Respondents.

Case No. C15-1326 JLR-BAT

**REPORT AND RECOMMENDATION**

On August 10, 2015, Petitioner Jacob Andrew Bergeron filed a proposed 2254 habeas petition, against "All Judicial Officers of Shoreline and All Shoreline Police" regarding an incident on July 16, 2015. Dkt. 1. Mr. Bergeron's petition is not on the Court's form and is barely legible. Dkt. 1. Mr. Bergeron did not pay the $5.00 filing fee or submit an application to proceed informa pauperis (IFP). On August 10, 2015, Mr. Bergeron filed a similarly deficient habeas petition in Bergeron v. GIA, Inc., C15-1271 RSL-BAT. The IFP application and petition in that case are also the subject of a Report and Recommendation.

On August 20, 2015, the Clerk advised Petitioner of his filing deficiencies and directed him to pay or submit an IFP application by September 21, 2013. Dkt. 2. Mr. Bergeron failed to do so. Instead, he filed several motions, including "Motion for Relief," "Motion for Medical Performance," "Motion for Filing Notice of Duress Threat of Safety Emergency Medical Attention Needed," and "Supplement to Filing Notice of Duress Threat of Safety Emergency

REPORT AND RECOMMENDATION - 1

Medical Attention Needed". Dkts. 4, 6, 7, and 8.

By Order dated September 14, 2015, Mr. Bergeron was advised that because he has not paid the filing fee or submitted a completed IFP application for review, the Court will not serve any habeas petition on his behalf nor will it consider any motions. Mr. Bergeron was further instructed that to proceed in a federal habeas action, he must legibly set forth every ground on which he claims he is being held in violation of the constitution and for each ground, he must state the specific facts that support his claim. He was told to put this information on the Court's form § 2254 petition. Mr. Bergeron was further advised that he may pursue federal habeas relief only after he has exhausted his state judicial remedies and because his petition does not show that he has done so, his petition is subject to dismissal. Dkt. 9. Finally, Mr. Bergeron was advised to name the correct respondent. *Id.*

Mr. Bergeron has failed to comply with the Court's Order. Instead, he filed more motions: "Notice of Forced Injection," "Notice of Emergency Illegal Transportation," and "Notice of Emergency Medical Attention." Dkts 12, 14, and 15.

Accordingly, the Court recommends that this action be **DISMISSED** without prejudice for failure to pay the filing fee and for failure to state a claim. All pending motions should also be **DENIED**. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **October 27, 2015.** The Clerk should note the matter for **October 30, 2015**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A

REPORT AND RECOMMENDATION - 2

party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed five pages.  The failure to timely object may affect the right to appeal.

DATED this 6th day of October, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge